## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ENZOLYTICS, INC.,

    **Plaintiff/Counterclaim Defendant,**

    **v.**

CIMARRON CAPITAL, LTD.

    **Defendant/Counterclaim Plaintiff**

:
:
:
:   C.A. No. 1:21-cv-01599-RGA
:
:
:
:

### REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS THE FIRST AMENDED COUNTERCLAIM

Respectfully Submitted,

*[signature: Antranig Garibian]*

_____

By: Antranig Garibian, Esq.
Garibian Law Offices, P.C.
1010 N. Bancroft Parkway, Suite 22
Wilmington, DE 19805
(302) 722-6885 – o
ag@garibianlaw.com
*Attorney for Plaintiff/Counterclaim Defendant,
Enzolytics, Inc.*

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ..................................................................................................ii

**INTRODUCTION**..................................................................................................................1

**ARGUMENT**..........................................................................................................................1

    **I.**    **Cimarron's Attempt to Now Introduce Emails is Improper.** ...........................1

    **II.**   **Cimarron Has Not Addressed Its Failure to Plead Conditions Precedent.** .....2

        **A.**   **There Are No Facts to Support that Notice of the Merger Was Required.**.................2

        **B.**   **Cimarron Has Not Plead Facts to Support Its Newly Introduced Estoppel Argument.** ....................................................................................................................3

    **III.**  **Cimarron's First Amended Counterclaim Is Redundant of ENZC's Declaratory Judgment Claim.** .......................................................................................................5

**CONCLUSION** .......................................................................................................................7

# **TABLE OF AUTHORITIES**

**Cases**

*Duffy v. Kent Cty. Levy Court*, No. 09-198-SLR  (D. Del. Sep. 23, 2010)..........................................1

*Lum v. Bank of Am.*, 361 F.3d 217 n.3 (3d Cir. 2004) .........................................................................1

**Rules**

Rule 12(b)(6)..............................................................................................................................1

## INTRODUCTION

Enzolytics, Inc. ("ENZC"), submits this reply brief in support of its motion to dismiss the First Amended Counterclaim asserted by Cimarron Capital, Ltd. ("Cimarron"). Cimarron now attempts rescue its defective counterclaim with misleading references to its pleadings, newly asserted facts and allegations lacking any support in the record. Rather than focus on substance, Cimarron instead resorts to immaterial fingerpointing in an attempt to justify its admitted failure to adequately plead its breach of contract claim. Moreover, Cimarron identifies no material distinction between the declaratory judgment complaint and the First Amended Counterclaim and in arguing its point, only highlights the obvious redundancy between the two claims.

The sole issue remains whether Cimarron has stated a claim for breach of contract upon which relief can be granted in its First Amended Counterclaim. For all of the reasons stated in ENZC's Motion to Dismiss, Cimarron has failed to do so and Cimarron's First Amended Counterclaim should be dismissed.

## ARGUMENT

### I.     Cimarron's Attempt to Now Introduce Emails is Improper.

On ENZC's motion to dismiss, the Court should not consider matters outside the pleadings. *See, e.g. Duffy v. Kent Cty. Levy Court*, No. 09-198-SLR, 2010 U.S. Dist. LEXIS 101573, at *16 (D. Del. Sep. 23, 2010)**Error! Bookmark not defined.**. "In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217 n.3 (3d Cir. 2004) (internal citations omitted).

On pages 3 and 4 of the opposition brief, Cimarron improperly introduces screen shots from emails that are absent from the First Amended Counterclaim. Cimarron cites ¶59 and ¶¶60-

1

61 of the First Amended Counterclaim as references, as if those paragraphs include the newly introduced screenshots – which they *do not*. At best, Paragraphs 59-61 of the First Amended Counterclaim contain references to communications – but not the screenshots Cimarron included in its opposition brief. Even if Cimarron were to argue that these communications are properly before the Court because they are incorporated by reference into the pleadings (which Cimarron has not bothered to argue), Cimarron should at the very least be expected to address and justify the redaction of the screenshot on page 4.

Cimarron's intentional omission of the emails from the First Amended Counterclaim and subsequent attempt to introduce them is patently unfair – particularly when Cimarron relies upon these correspondences to try and salvage its legally deficient claim. ENZC filed its motion to dismiss based upon the First Amended Counterclaim *as plead* – not the First Amended Counterclaim as Cimarron would attempt to later supplement it during the course of motion practice.

## II.  Cimarron Has Not Addressed Its Failure to Plead Conditions Precedent.

### A.  There Are No Facts to Support that Notice of the Merger Was Required.

In its motion, ENZC demonstrated Cimarron's failure to plead facts to give rise to an obligation to notify Cimarron of the DGLC 251(g) restructuring (the "Merger"). Cimarron declines to address the legal issue – arguing merely that it is entitled to discovery on the issue. Tellingly, Cimarron completely glosses over the fact that the notice requirement did not apply to a transaction where the company continues to exist after the merger, such as this one. Cimarron further ignores the fact that its First Amended Counterclaim contains no allegation that the company ceased to exist after the merger. Rather, Cimarron attempts to distract the Court with spurious references to a "veil of secrecy" and an unspecified books and records request – completely ignoring the fact that based on Cimarron's own pleadings, no notice obligation was

triggered. Without any fact plead to trigger a contractual duty, ENZC is entitled to judgment as a matter of law.

Cimarron makes a misleading reference to its First Amended Counterclaim, arguing that it has "adequately plead that ENZC took an action through the Merger that required an adjustment of the Conversion Price under Section 9(d)(i). (D.I. 25, ¶¶75-76)" *Opposition Brief,* p. 7. The paragraphs cited by Cimarron, however, contain no such statement at all. The First Amended Counterclaim, at ¶¶75-76, merely alleges as follows:

> 75. If the Cimarron Debentures had been properly converted, Cimarron would have received 30,000,000 shares of Enzolytics.
>
> 76. On or about November 30, 2020, the value of Enzolytics' common stock was approximately $0.11 per share.

D.I. 25, ¶¶75-76.

There is simply no allegation or suggestion whatsoever in ¶¶75-76 that the Merger required an adjustment of the Conversion Price under Section 9(d)(i). Cimarron's reference to its own First Amended Counterclaim is at best, puzzling and at worst – intentionally misleading. Either way, Cimarron has *not* plead that ENZC took an action that requires an adjustment of the Conversion Price. That cannot be disputed – and Cimarron has not shown otherwise.

**B. Cimarron Has Not Plead Facts to Support Its Newly Introduced Estoppel Argument.**

As ENZC argued in the motion to dismiss, Cimarron's First Amended Counterclaim should also be dismissed due to its failure to allege or plead facts that it properly gave notice of its intention to convert as required under the Debentures. Cimarron fails to acknowledge or even address its admitted failure to deliver any notice to the CEO (as required by the Debentures) or its failure to deliver any such notice in compliance with the Debentures' clear requirements. Without

the ability to dispute its non-compliance with the express contractual terms, Cimarron attempts to cobble together an estoppel argument with inaccurate and unsupported references to the pleadings.

Cimarron leads off its estoppel argument with a misleading citation of ¶50 of its First Amended Counterclaim, asserting that "Peter Aiello, ENZC's principal, was expressly told by Ray to communicate with Ray concerning ENZC." (*Opposition Brief*, p. 7).[1] This inaccurate citation is intended to create the illusion that apparent authority existed – despite the fact that the First Amended Counterclaim does *not* plead or even mention "apparent authority." What Cimarron's First Amended Counterclaim actually alleges *verbatim* is that Mr. Ray "indicated that he should be copied on all future communications from Cimarron to Enzolytics." (D.I. 25, ¶50). For the avoidance of doubt, the below excerpt is taken *directly* from Cimarron's First Amended Counterclaim:

> 50. Ray expressly indicated he should be copied on all future communications from Cimarron to Enzolytics.

D.I. 25, ¶50.

Cimarron's motive in reframing its allegations is transparent. Cimarron cannot now evade the plain language of its own pleadings and moreover, it certainly cannot use the opposition brief as an opportunity to amend them.

Second, in attempting to support its ill-fated estoppel argument, Cimarron argues – without a citing reference – that "Cimarron has adequately pled that Ray, as a director and/or officer of ENZC had the apparent authority to bind ENZC, and Cimarron's reliance on Ray's conduct was

---

[1] Presumably, Cimarron's reference to Peter Aiello as "ENZC's principal" in its opposition brief was in error and Cimarron intended to state that Mr. Aiello was "Cimarron's principal". At no point in this action has either party ever asserted or argued that Mr. Aiello was a principal of ENZC.

reasonable" (*Opposition Brief*, p. 8) and that "Cimarron has similarly pled that Aiello relied upon Ray's representations to Cimarron's detriment." (*Opposition Brief*, p. 9). Both of these assertions are a complete fiction. Tellingly, Cimarron does not, because it *cannot*, cite any portion of the First Amended Counterclaim to support either statement – because it does not exist. Cimarron has *not* alleged reliance (let alone reasonable reliance), has not plead the Ray had "apparent authority" and has not alleged that any such reliance was to Cimarron's detriment. Cimarron's attempt to add new allegations via its opposition brief to support an estoppel argument is wholly improper and should be disregarded in its entirety.

Undoubtedly, Cimarron will argue that these points are overly exacting – or that they are ENZC's attempt to find a "technical" way out. Cimarron, however, is bound by its own pleadings, its own citations to the record (or lack thereof) and ENZC should not be prejudiced by Cimarron's lack of precision.

### III. Cimarron's First Amended Counterclaim Is Redundant of ENZC's Declaratory Judgment Claim.

Lastly, Cimarron's opposition brief offers nothing to refute the obvious fact that Cimarron's First Amended Counterclaim is redundant of the declaratory judgment action. Cimarron attempts to draw a substantive difference by referencing additional "facts" that it has plead – overlooking hat these "facts" directly pertain to the legal issue before ethe Court in ENZC's declaratory judgment complaint, which was filed *in anticipation of* the very breach of contract claim that Cimarron is now attempting to assert in the First Amended Counterclaim.

ENZC's filing of the declaratory judgment Complaint stemmed from Cimarron's continued insistence that ENZC is in breach of the two debentures at issue. (D.I. 1, ¶4). ENZC's Complaint states that this action was brought as a result of Cimarron's previous lawsuits and due to the prospect of additional litigation by Cimarron arising out of the same meritless claims. (D.I.

5

1, ¶5). Indeed, the whole point of seeking declaratory relief, as the Complaint articulates, was to ask this Court to address the controversy between ENZC and Cimarron regarding whether ENZC was in breach of the debentures at issue, which ENZC categorically denies. (D.I. 1, ¶¶8-9). For Cimarron to respond by asserting the same breach of contract claim that gave rise to the declaratory judgment complaint in the first place is puzzling and defies logic or common sense.

Cimarron tries to justify this by arguing that it "alleges a distinct set of facts supporting its conclusion that the ENZC merger was consummated to fraudulently deprive Cimarron of its right to convert the Debentures." (*Opposition Brief*, p. 9). First, this argument is a red herring – as Cimarron has asserted a breach of contract claim – not a "fraud" claim. Second, and more importantly, Cimarron provides no authority or rationale for the proposition that a breach of contract counterclaim is the vehicle to simply introduce supportive *facts* in response to a declaratory judgment complaint pertaining to the *same contract*.

ENZC filed this action to seek a judgment from the Court regarding the parties' rights under the subject contracts. As ENZC argued in its motion to dismiss, the declaratory judgment action would be pointless if the defendant were then invited to simply file a counterclaim for breach of the same contract which is the subject of the declaratory judgment action.

In its stubborn insistence, Cimarron further fails to identify any prejudice. The declaratory judgment action provides Cimarron with the opportunity to assert facts to support its position (to the extent such a position was legally sustainable). Moreover, and most significantly, the Court's ultimate ruling in the declaratory judgment action will address the same issue as Cimarron's counterclaim, which is whether ENZC was obligated under the debentures. Thus, as a matter of law, Cimarron's breach of contract claim is duplicative, redundant and should be dismissed.

## **CONCLUSION**

For the foregoing reasons, ENZC respectfully requests that this Court grant its motion to dismiss the First Amended Counterclaim.

Respectfully Submitted,

*[signature]*
_____
By: Antranig Garibian, Esq. (DE Bar No. 4962)
Garibian Law Offices, P.C.
1010 N. Bancroft Parkway, Suite 22
Wilmington, DE 19805
(302) 722-6885 – o
ag@garibianlaw.com
*Attorney for Enzolytics, Inc.*