### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **ENZOLYTICS, INC.,** | : | C.A. No. 1:21-cv-01600-RGA |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **KONA CONCEPTS, INC.** | : | |
| | : | |
| Defendant. | : | |

### ENZOLYTICS, INC.'S RULE 56.1 STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

      By:    Antranig Garibian, Esq.
               Garibian Law Offices, P.C.
               1523 Concord Pike, Suite 400
               Wilmington, DE  19803
               (302) 722-6885 – o
               ag@garibianlaw.com
               *Attorney for Plaintiff, Enzolytics, Inc.*

1.        Plaintiff, Enzolytics, Inc. ("ENZC") is a Delaware corporation. Accordingly, ENZC is a citizen of Delaware. **(See Declaration of Antranig Garibian, Esq. ["Garibian Declaration"], Exhibit A at GARIBDECL A - 18-19)**

2.        Defendant, Kona Concepts, Inc ("Kona") is a Nevada corporation. Accordingly, Kona is a citizen of Nevada. **(D.I. 13, ¶3)**

3.        This action arises out of Kona's allegations that ENZC is in breach of a March 9, 2017 convertible promissory note ("Kona Note") that Kona entered into with a separate entity, Eco-Petroleum Solutions, Inc. ("Eco-Petroleum"). **(D.I. 5, ¶¶12-19)**

*Section 251(g) of the General Corporation Law of the State of Delaware (the "DGCL")*

4.        Section 251 of DGCL sets forth a mechanism via which two domestic Delaware corporations can merge into a single corporation (with one of the two constituent corporation surviving and the other not surviving). Pursuant to Section 259 of the DGCL, when a merger becomes effective under Section 251, for all purposes of the laws of the State of Delaware the separate existence of the non-surviving corporation ceases, and the surviving corporation thereafter possesses all the rights, privileges, powers and franchises of each of said corporations, and all rights of creditors and all liens upon any property of any of said constituent corporations are preserved unimpaired, and all debts, liabilities and duties of the respective constituent corporations thereafter attach to said surviving corporation, and may be enforced against it to the same extent as if said debts, liabilities and duties had been incurred or contracted by it. **(See Expert Report of David S. Conway, Esq. ["Conway Report"], attached as Exhibit B to the Declaration of Antranig Garibian, Esq., at GARIBDECL B - 3)**

5.        In many cases, a merger under Section 251 of the DGCL must be approved by the boards of directors and the stockholders of both constituent corporations. Section 251(g) of the

DGCL provides an exception to the normal voting requirements of Section 251 whereby, subject to certain conditions and unless expressly required by its certificate of incorporation, no vote of stockholders of a constituent corporation is necessary to authorize a merger with or into a single direct or indirect wholly-owned subsidiary of such constituent corporation. **(Conway Report at GARIBDECL B - 4)**

6. Typically a corporation that is intending to effectuate a merger under Section 251(g) of the DGCL (e.g., "Oldco") will form a direct wholly-owned subsidiary (e.g., "Holdco") and thereafter that subsidiary will form its own direct wholly-owned subsidiary (e.g., "Newco"), with the result that Newco is an indirect wholly-owned subsidiary of Oldco. Oldco and Newco will then typically merge pursuant to Section 251(g). Upon the effectiveness of such a merger, pursuant to Section 259 of the DGCL all rights of creditors and all liens upon any property of either of the two merging corporations are preserved unimpaired, and all debts, liabilities and duties of the two merging corporations thereafter attach to the surviving corporation, and may be enforced against it to the same extent as if said debts, liabilities and duties had been incurred or contracted by it. Holdco is not one of the two merging corporations, and upon the effectiveness of the merger the surviving corporation in the merger becomes a direct wholly-owned subsidiary of Holdco. Because it is not one of the merging corporations, Holdco remains in existence but does not succeed to the debts, liabilities or duties of either of the two merging corporations. **(Conway Report at GARIBDECL B - 4)**

*Enzolytics, Inc.'s Restructuring Under Section 251(g) of the DGCL*

7. Kona's position stems from Kona's purported attempt to convert debt arising out of the Kona Note. **(Garibian Declaration, Ex. A at GARIBDECL A – 34-36)**

8. On November 16, 2020, the public company which was the successor to Eco-Petroleum (the party to the Kona Note), adopted an "Agreement and Plan of Merger," to effectuate a restructuring under Section 251(g) of the DGCL. **(Garibian Declaration, Ex. A at GARIBDECL A – 24-29)**

9. As part of that transaction, on November 16, 2020, the public company which was the successor to Eco-Petroleum (the party to the Kona Note) changed its name to "ENZC Sub, Inc.". **(Garibian Declaration, Ex. A at GARIBDECL A – 16-17)**

10. Immediately thereafter, on or about November 16, 2020, the following two new Delaware corporations were formed: Enzolytics, Inc. ("ENZC") (the Plaintiff in this case) **(Garibian Declaration, Ex. A at GARIBDECL A – 18)** and Enzolytics Merger Corp. (an indirect, wholly-owned subsidiary of ENZC Sub, Inc.). **(Garibian Declaration, Ex. A at GARIBDECL A – 14-15)**

11. As part of the 251(g) Transaction, Enzolytics Merger Corp. merged with and into ENZC Sub, Inc. and thereafter, Enzolytics Merger Corp. ceased to exist. **(Garibian Declaration, Ex. A at GARIBDECL A – 20-21); (Conway Report at GARIBDECL B - 4)**

12. ENZC Sub, Inc. (the successor to Eco-Petroleum), the party to the Kona Note, survived the merger as a direct wholly-owned subsidiary of ENZC, the Plaintiff in this action. **(Conway Report at GARIBDECL B - 4)**

13. On August 17, 2021, ENZC Sub, Inc. changed its name to "Robustomed, Inc.". **(See Declaration of Harry Zhabilov ["Zhabilov Declaration"], Exhibit A)**

14. As a result of the 251(g) transaction, and in accordance with Section 259 of the DGCL, upon the effectiveness of the merger, as of November 19, 2020, any bona fide, valid and documented claims for monies prior to November 19, 2020 (including the Kona Note) could still be valid. However, the party owing those obligations would be ENZC Sub, Inc. (now known as Robustomed, Inc.), *not* by the Plaintiff in this case, ENZC. **(Conway Report at GARIBDECL B - 4)**

15. ENZC, which was not one of the merging corporations under Sections 251 or 259 of the DGLC, did *not* succeed to the debts, liabilities or duties of the two merging corporations, Enzolytics Merger Corp. and ENZC Sub, Inc. Thus, as a matter of Delaware corporate law, Robustomed, Inc., ***not ENZC***, is the proper party to the Kona Note. **(Conway Report at GARIBDECL B - 4)**

*Kona Did Not Properly Tender a Notice of Conversion Prior to the 251(g) Transaction*

16. Kona purports to have the right to convert the Kona Note based upon the following:

    i. November 14, 2020 email from Kona regarding the Kona Note; **(Garibian Declaration, Ex. A at GARIBDECL A – 38)**

    ii. November 23, 2020 notice of Kona's conversion of the Kona Note; **(Garibian Declaration, Ex. C)**

17. Paragraph 6 of the Kona Note governs the form of notices under the Kona Note and details the specific method of delivery, recipients and addresses to use when giving notice.



**(Garibian Declaration, Ex. A at GARIBDECL A – 35-36)**

18. The Kona Note clearly states that any notice under the Kona Note must be in writing and shall be deemed to be given upon delivery if personally delivered or upon deposit in the United States mail *and* addressed to Harry Zhabilov at 120 W Pomona Ave., Monrovia, CA 91016. **(Garibian Declaration, Ex. A at GARIBDECL A – 35-36)**

19. Kona did not comply with any of the methods of delivery set forth in the Kona Note or address notice to the proper individual, Harry Zhabilov. In its answer to the Amended Complaint, Kona merely alleges that on November 14, 2020, it "gave Enzolytics notice through [Billy Ray] that it wanted to convert the Kona Note." D.I. 26, ¶49. Kona further alleges that on November 15, 2020, it "reiterated is [sic] notice to Enzolytics through [Billy Ray] that it wanted to convert the Kona Note." D.I. 26, ¶50.

**November 14, 2020 Email**

20. As for the email dated November 14, 2020, which was sent prior to the 251(g) Transaction, this "request" was subsequently withdrawn on November 19, 2020 by Peter Aiello, on behalf of Kona and thus, is of no legal effect. This email was *not* a Notice of Conversion.

21. In the November 14, 2020 email from Peter Aiello, on behalf of Kona, Kona requested free trading shares. However, the November 14, 2020 email was not a valid Notice of Conversion. The November 14, 2020 email did not include a valid legal opinion or supporting documentation.

22. On November 15, 2020, Kona's representative Peter Aiello, sent multiple emails following up on the November 14, 2020 email. At 5:04 AM, Mr. Aiello stated that he had made errors in his previous calculations. **(Garibian Declaration, Ex. A at GARIBDECL A – 37)** At 2:28 PM, Mr. Aiello stated that he was not looking for the conversion to be done right away. **(Garibian Declaration, Ex. A at GARIBDECL A – 37)**

23. Subsequently, on November 19, 2020, Kona's representative unequivocally withdrew the November 14, 2020 request to convert the purported debts. **(Garibian Declaration, Ex. A at GARIBDECL A – 39)**

24. Specifically, on November 19, 2020, Kona's representative instructed Enzolytics to "disregard prior email sent on Nov. 14,2020 [sic] requesting conversion of a portion of my debts." Kona's representative further advised that he had instructed his attorney to send a "formal submission of my 'Notice of Conversion", based on the Terms in both Loan Agreements…"**(Garibian Declaration, Ex. A at GARIBDECL A – 39)**

25. The November 19, 2020 withdrawal by Kona of the conversion was received before it was even possible for the transfer agent to issue the shares, as Kona had not produced the valid legal opinion or proper supporting documentation that a transfer agent would require.

### Post 251(g) Transaction Conversion Notices

26. As for the purported conversion notice dated November 23, 2020, Kona did not comply with any of the methods of delivery set forth in the Kona Note or address notice to the proper individual, Harry Zhabilov. Most importantly, this November 23, 2020 document post-dated the 251(g) Transaction and as a result, is the obligation of ENZC Sub, Inc. (now known as "Robustomed"), *not* its parent, ENZC.

    Respectfully Submitted,

_____
By: Antranig Garibian, Esq.
Garibian Law Offices, P.C.
1523 Concord Pike, Suite 400
Wilmington, DE  19803
(302) 722-6885 – o
ag@garibianlaw.com
*Attorney for Plaintiff, Enzolytics, Inc.*