**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**


**ENZOLYTICS, INC.,**                     :     **C.A. No. 1:21-cv-01600-RGA**
                                          :
      Plaintiff,                       :
                                          :
**v.**                                    :
                                          :
**KONA CONCEPTS, INC.**                   :
                                          :
      Defendant.                       :


<u>**OPENING BRIEF IN SUPPORT OF
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**</u>


      Respectfully Submitted,


_____
By: Antranig Garibian, Esq.
Garibian Law Offices, P.C.
Brandywine Plaza East
1523 Concord Pike, Suite 400
Wilmington, DE  19803
(302) 722-6885 – o
ag@garibianlaw.com
*Attorney for Plaintiff,
Enzolytics, Inc.*

i

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... iii

NATURE AND STAGE OF PROCEEDINGS.......................................................................1

SUMMARY OF ARGUMENT..............................................................................................1

STATEMENT OF FACTS.....................................................................................................2

LEGAL ARGUMENT...........................................................................................................8

    **A.**    SUMMARY JUDGMENT STANDARD..............................................................8

    **B.**    ENZC was not a party to the Kona Note and does not owe any contractual obligations to Kona..............................................................................................8

    **C.**    Kona Did Not Properly Tender a Notice of Conversion Prior to the 251(g) Transaction. ...................................................................................................9

CONCLUSION ....................................................................................................................10

## TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ....................................................................8

*Marino v. Industrial Crating Co.*, 358 F.3d 241 (3d Cir. 2004) .......................................................8

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) ...............................8

*Phoenix Signal & Elec. Corp. v New York State Thruway Auth.*, 90 AD3d 1394 (2011) ..............10

*Randall's Island Aquatic Leisure, LLC v. City of New York*, 92 A.D.3d 463 (N.Y. App. Div. 2012)

.....................................................................................................................................................9

*Ridley Elec. Co., Inc. v Dormitory Auth. of the State of N.Y.*, 152 AD3d 1129 .............................10

*Telecomms. PLC v. Coxcom, Inc.*, 2013 U.S. Dist. LEXIS 101845 (D. Del. July 22, 2013) ...........9

*Wenske v. Blue Bell Creameries, Inc.*, 2018 Del. Ch. LEXIS 530 (Ch. Nov. 13, 2018) ..................9

**Statutes**

Section 251 of the DGCL ......................................................................................................2, 3, 4, 5

Section 259 of the DGCL ......................................................................................................2, 3, 5, 9

## NATURE AND STAGE OF PROCEEDINGS

On November 12, 2021, Plaintiff, Enzolytics, Inc. ("ENZC") filed a civil action against defendant, Kona Concepts, Inc. ("Kona") seeking a declaratory judgment with respect to a promissory note ("Kona Note") that Kona seeks to enforce against ENZC. (D.I. 1). Thereafter, on December 6, 2021, ENZC filed an Amended Complaint seeking a declaratory judgment regarding the Kona Note. (D.I. 5). In the Amended Complaint, ENZC seeks a judicial declaration that ENZC is not a party to and does not owe any duty to Kona under the Kona Note. (D.I. 5, ¶63). On March 4, 2022, Kona filed its Answer to the Amended Complaint. (D.I. 13). This action has been consolidated for purposes of discovery and trial with the action pending in this Court, captioned as *Enzolytics, Inc. v. Cimarron Capital, Ltd.*, C.A. No. 1:21-cv-01599-RGA (the "Lead Case"). This action is governed by a Scheduling Order (Lead Case, D.I. 73), pursuant to which the deadline for dispositive motions is June 14, 2024.

## SUMMARY OF ARGUMENT

ENZC's Amended Complaint seeks a judicial declaration that ENZC does not owe any obligation to Kona under a promissory note ("Kona Note"), which was entered into between Kona and an entity named Eco-Petroleum Solutions, Inc. ("Eco-Petroleum").

First, ENZC was *not* a party to the Kona Note (D.I. 5, ¶4), is *not* the successor to Eco-Petroleum (D.I. 5, ¶13), has *not* assumed the liabilities of the Kona Note (D.I. 5, ¶33), and owes no contractual duty to Kona under the Kona Note. (D.I. 5, ¶63).

Second, even if ENZC was a proper party to the Kona Note (which it is not), Kona did not comply with the conditions precedent under the Kona Note to trigger an obligation to convert the debt. (D.I. 5, ¶30).

1

## STATEMENT OF FACTS

This action arises out of ENZC's Amended Complaint, which was filed due to Kona's continued insistence that ENZC has breached legal obligations to Kona under the Kona Note, a March 9, 2017 convertible promissory note between Kona and Eco-Petroleum Solutions, Inc. (D.I. 5, ¶¶4, 12). ENZC filed this action to obtain a judgment with respect to Kona's allegations that ENZC is in breach of the Kona Note. ENZC is *not* a party to the Kona Note and is not the correct entity against whom the Kona Note can be enforced. (D.I. 5, ¶27). Moreover, even if it were, Kona failed to properly tender a Notice of Conversion under the Kona Note. (D.I. 5, ¶30). For all of these reasons, ENZC brought this action to obtain a judicial declaration that it does not owe any duty to Kona under the Kona Note. (D.I. 5, ¶63).

*Section 251(g) of the General Corporation Law of the State of Delaware (the "DGCL")*

The fact that ENZC is not a party to the Kona Note stems from the fact that ENZC was incorporated in November 2020, pursuant to a restructuring transaction performed under Section 251 of the DGCL. In this matter, ENZC has engaged an expert, David S. Conway, Esq., a Delaware attorney who is an expert in Delaware corporate law. Mr. Conway's report, which has not been refuted by Kona, is included herein to provide background information to the Court with respect to the restructuring transaction at issue.

Section 251 of DGCL sets forth a mechanism via which two domestic Delaware corporations can merge into a single corporation (with one of the two constituent corporation surviving and the other not surviving). **Expert Report of David S. Conway, Esq. ["Conway Report"], attached as Exhibit B to the Declaration of Antranig Garibian, Esq., at GARIBDECL B - 3)** Pursuant to Section 259 of the DGCL, when a merger becomes effective under Section 251, for all purposes of the laws of the State of Delaware, the separate existence of

the non-surviving corporation ceases, and the surviving corporation thereafter possesses all the rights, privileges, powers and franchises of each of said corporations, and all rights of creditors and all liens upon any property of any of said constituent corporations are preserved unimpaired, and all debts, liabilities and duties of the respective constituent corporations thereafter attach to said surviving corporation, and may be enforced against it to the same extent as if said debts, liabilities and duties had been incurred or contracted by it. **(Conway Report at GARIBDECL B – 3)**

In many cases, a merger under Section 251 of the DGCL must be approved by the boards of directors and the stockholders of both constituent corporations. Section 251(g) of the DGCL provides an exception to the normal voting requirements of Section 251 whereby, subject to certain conditions and unless expressly required by its certificate of incorporation, no vote of stockholders of a constituent corporation is necessary to authorize a merger with or into a single direct or indirect wholly-owned subsidiary of such constituent corporation. **(Conway Report at GARIBDECL B - 4)** Typically a corporation that is intending to effectuate a merger under Section 251(g) of the DGCL (e.g., "Oldco") will form a direct wholly-owned subsidiary (e.g., "Holdco") and thereafter that subsidiary will form its own direct wholly-owned subsidiary (e.g., "Newco"), with the result that Newco is an indirect wholly-owned subsidiary of Oldco. Oldco and Newco will then typically merge pursuant to Section 251(g). **(Conway Report at GARIBDECL B - 4)** Upon the effectiveness of such a merger, pursuant to Section 259 of the DGCL, all rights of creditors and all liens upon any property of either of the two merging corporations are preserved unimpaired, and all debts, liabilities and duties of the two merging corporations thereafter attach to the surviving corporation, and may be enforced against it to the same extent as if said debts, liabilities and duties had been incurred or contracted by it. **(Conway Report at GARIBDECL B -**

**4)** Holdco is not one of the two merging corporations, and upon the effectiveness of the merger the surviving corporation in the merger becomes a direct wholly-owned subsidiary of Holdco. Because it is not one of the merging corporations, Holdco remains in existence but does not succeed to the debts, liabilities or duties of either of the two merging corporations. **(Conway Report at GARIBDECL B - 4)**

<u>*Enzolytics, Inc.'s Restructuring Under Section 251(g) of the DGCL*</u>

On November 16, 2020, the public company which was the successor to Eco-Petroleum (the party to the Kona Note), adopted an "Agreement and Plan of Merger," to effectuate a restructuring under Section 251(g) of the DGCL. **(Garibian Declaration, Ex. A at GARIBDECL A – 24-29)** As part of that transaction, on November 16, 2020, the public company which was the successor to Eco-Petroleum (the party to the Kona Note) changed its name to "ENZC Sub, Inc.". **(Garibian Declaration, Ex. A at GARIBDECL A – 16-17)**

Immediately thereafter, on or about November 16, 2020, the following two new Delaware corporations were formed: Enzolytics, Inc. ("ENZC") (the Plaintiff in this case) **(Garibian Declaration, Ex. A at GARIBDECL A – 18)** and Enzolytics Merger Corp. (an indirect, wholly-owned subsidiary of ENZC Sub, Inc.). **(Garibian Declaration, Ex. A at GARIBDECL A – 14-15)** As part of the 251(g) Transaction, Enzolytics Merger Corp. merged with and into ENZC Sub, Inc. and thereafter, Enzolytics Merger Corp. ceased to exist. **(Garibian Declaration, Ex. A at GARIBDECL A – 20-21); (Conway Report at GARIBDECL B - 4)**

ENZC Sub, Inc. (the successor to Eco-Petroleum), the party to the Kona Note, survived the merger as a direct wholly-owned subsidiary of ENZC, the Plaintiff in this action. **(Conway Report at GARIBDECL B - 4)** On August 17, 2021, ENZC Sub, Inc. changed its name to "Robustomed, Inc.". **(See Declaration of Harry Zhabilov ["Zhabilov Declaration"], Exhibit A)**

4

As a result of the 251(g) transaction, and in accordance with Section 259 of the DGCL, upon the effectiveness of the merger, as of November 19, 2020, any bona fide, valid and documented claims for monies prior to November 19, 2020 (including the Kona Note) could still be valid. However, the party owing those obligations would be ENZC Sub, Inc. (now known as Robustomed, Inc.), *not* by the Plaintiff in this case, ENZC. **(Conway Report at GARIBDECL B - 4)** ENZC, which was not one of the merging corporations under Sections 251 or 259 of the DGLC, did *not* succeed to the debts, liabilities or duties of the two merging corporations, Enzolytics Merger Corp. and ENZC Sub, Inc. Thus, as a matter of Delaware corporate law, Robustomed, Inc., ***not ENZC***, is the proper party to the Kona Note. **(Conway Report at GARIBDECL B - 4)**

*Kona Did Not Properly Tender a Notice of Conversion Prior to the 251(g) Transaction*

Kona purports to have the right to convert the Kona Note based upon the following:

i. November 14, 2020 email from Kona regarding the Kona Note; **(Garibian Declaration, Ex. A at GARIBDECL A – 38)**

ii. November 23, 2020 notice of Kona's conversion of the Kona Note; **(Garibian Declaration, Ex. C)**

Paragraph 6 of the Kona Note governs the form of notices under the Kona Note and details the specific method of delivery, recipients and addresses to use when giving notice.



**(Garibian Declaration, Ex. A at GARIBDECL A – 35-36)**

The Kona Note clearly states that any notice under the Kona Note must be in writing and shall be deemed to be given upon delivery if personally delivered or upon deposit in the United States mail *and* addressed to Harry Zhabilov at 120 W Pomona Ave., Monrovia, CA 91016.

**(Garibian Declaration, Ex. A at GARIBDECL A – 35-36)**

Kona did not comply with any of the methods of delivery set forth in the Kona Note or address notice to the proper individual, Harry Zhabilov.  In its answer to the Amended Complaint, Kona merely alleges that on November 14, 2020, it "gave Enzolytics notice through [Billy Ray] that it wanted to convert the Kona Note." D.I. 26, ¶49. Kona further alleges that on November 15, 2020, it "reiterated is [sic] notice to Enzolytics through [Billy Ray] that it wanted to convert the Kona Note." D.I. 26, ¶50.

As for the email dated November 14, 2020, which was sent prior to the 251(g) Transaction, this "request" was subsequently withdrawn on November 19, 2020 by Peter Aiello, on behalf of Kona and thus, is of no legal effect.  This email was *not* a Notice of Conversion. In the November

14, 2020 email from Peter Aiello, on behalf of Kona, Kona requested free trading shares.  The November 14, 2020 email did not include a valid legal opinion or supporting documentation.

On November 15, 2020, Kona's representative Peter Aiello, sent multiple emails following up on the November 14, 2020 email.  At 5:04 AM, Mr. Aiello stated that he had made errors in his previous calculations. **(Garibian Declaration, Ex. A at GARIBDECL A – 37)** At 2:28 PM, Mr. Aiello stated that he was not looking for the conversion to be done right away. **(Garibian Declaration, Ex. A at GARIBDECL A – 37)** Subsequently, on November 19, 2020, Mr. Aiello withdrew the November 14, 2020 request to convert the purported debts. **(Garibian Declaration, Ex. A at GARIBDECL A – 39)**

Specifically, on November 19, 2020, Kona's representative instructed Enzolytics to "disregard prior email sent on Nov. 14,2020 [sic] requesting conversion of a portion of my debts." Kona's representative further advised that he had instructed his attorney to send a "formal submission of my 'Notice of Conversion", based on the Terms in both Loan Agreements…"**(Garibian Declaration, Ex. A at GARIBDECL A – 39)** The November 19, 2020 withdrawal by Kona of the conversion was received before it was even possible for the transfer agent to issue the shares, as Kona had not produced the valid legal opinion or proper supporting documentation that a transfer agent would require.

As for the purported conversion notice dated November 23, 2020, Kona did not comply with any of the methods of delivery set forth in the Kona Note or address notice to the proper individual, Harry Zhabilov. Most importantly, this November 23, 2020 document post-dated the 251(g) Transaction and as a result, is the obligation of ENZC Sub, Inc. (now known as "Robustomed"), *not* its parent, ENZC.

## LEGAL ARGUMENT

### A.  SUMMARY JUDGMENT STANDARD

Rule 56(c) requires the court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). A fact in dispute is material when it "might affect the outcome of the suit under the governing law" and is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the nonmoving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Industrial Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (*quoting Anderson*, 477 U.S. at 255). A court's role in deciding a motion for summary judgment is not to evaluate the evidence and decide the truth of the matter but rather "to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

### B.  ENZC WAS NOT A PARTY TO THE KONA NOTE AND DOES NOT OWE ANY CONTRACTUAL OBLIGATIONS TO KONA.

ENZC was not a party to the Kona Note. Accordingly, as a matter of well-settled and fundamental contract law, ENZC does not owe any obligations to Kona under the Kona Note.

The Kona Note, pursuant to ¶9, is governed by New York substantive law. **Garibian Declaration, Ex. A at GARIBDECL A – 36.** Under New York law, a party who is not a signatory to a contract cannot generally be held liable for breaches of that contract. *British Telecomms. PLC v. Coxcom, Inc.*, No. 10-658-SLR, 2013 U.S. Dist. LEXIS 101845, at *6 (D. Del.

July 22, 2013) (*citing Randall's Island Aquatic Leisure, LLC v. City of New York*, 92 A.D.3d 463, 938 (N.Y. App. Div. 2012). Similarly, in Delaware, it is well settled that only parties to a contract may be liable for breach of that contract. *Wenske v. Blue Bell Creameries, Inc.*, No. 2017-0699-JRS, 2018 Del. Ch. LEXIS 530, at *6 (Ch. Nov. 13, 2018). Moreover, under Delaware law, a parent corporation is not liable for the acts of its subsidiary merely because it owns (and votes) a majority of the subsidiary's stock or shares common shareholders, directors or officers with the subsidiary. *Wenske v. Blue Bell Creameries, Inc.*, No. 2017-0699-JRS, 2018 Del. Ch. LEXIS 530, at *10 (Ch. Nov. 13, 2018).

As explained in detail *supra,* as a result of the 251(g) transaction and in accordance with Section 259 of the DGCL, upon the effectiveness of the merger, as of November 19, 2020, any bona fide, valid and documented claims for monies prior to November 19, 2020 (including the Kona Note) would be owed ENZC Sub, Inc. (now known as Robustomed, Inc.), *not* by ENZC. Thus, as a matter of Delaware corporate law, Robustomed, Inc., ***not ENZC***, is the proper party to the Kona Note (**Conway Report at GARIBDECL B - 4**). There are no factual disputes on this point. Accordingly, ENZC is entitled, as a matter of law, to a judicial declaration that ENZC does not owe any obligation to Kona under the Kona Note.

### C.   KONA DID NOT PROPERLY TENDER A NOTICE OF CONVERSION PRIOR TO THE 251(G) TRANSACTION.

Moreover, even if ENZC was a party to the Kona Note, which it is not, Kona failed to properly tender a Notice of Conversion under the Kona Note. (D.I. 5, ¶30). Similarly, there is no factual dispute on this point. Under New York law, it is well-settled that "[n]o action for breach of contract lies where the party seeking to enforce the contract has failed to perform a specified condition precedent." *Phoenix Signal & Elec. Corp. v New York State Thruway Auth.*, 90 AD3d

1394, 1396-1397, 935 N.Y.S.2d 201 (2011); *see Ridley Elec. Co., Inc. v Dormitory Auth. of the State of N.Y.*, 152 AD3d 1129, 1131, 60 N.Y.S.3d 551.

As explained in detail *supra*, Kona did not deliver notice in compliance with the express requirements of the Kona Note. Thus, even if ENZC *was* a party to the Kona Note (which it is not), ENCZ would be entitled, as a matter of law, to a judicial declaration that ENZC does not owe any obligation to Kona under the Kona Note due to Kona's failure to perform the specified conditions precedent contained in the Kona Note.

## <u>CONCLUSION</u>

For the foregoing reasons, ENZC respectfully requests that this Court grant its motion for summary judgment.

Respectfully Submitted,

_____

By:   Antranig Garibian, Esq.
Brandywine Plaza East
1523 Concord Pike, Suite 400
Wilmington, DE  19803
 (302) 722-6885 – o
ag@garibianlaw.com
*Attorney for Plaintiff, Enzolytics, Inc.*