# Garibian Declaration
# EXHIBIT B

GARIBDECL B - 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **ENZOLYTICS, INC,**<br><br>      **Plaintiff/Counterclaim Defendant,**<br><br>      v.<br><br>**CIMARRON CAPITAL, LTD.**<br><br>      **Defendant/Counterclaim Plaintiff.** | C.A. No.: 1:21-cv-01599-RGA |
| **ENZOLYTICS, INC,**<br><br>      **Plaintiff,**<br><br>      v.<br><br>**KONA CONCEPTS, INC.,**<br><br>      **Defendant.** | C.A. No.: 1:21-cv-01600-RGA |

## FEDERAL RULE 26(a)(2) EXPERT DISCLOSURE

Pursuant to the September 25, 2023 Scheduling Order, please be advised that Enzolytics, Inc. ("ENZC") designates David S. Conway, Esq. as its expert witness. Pursuant to the September 25, 2023 Scheduling Order, Fed R. Civ. P. 26(a)(2), Mr. Conway's expert witness report is attached.

*/s/ Antranig Garibian*

_____
By: Antranig Garibian, Esq. (DE Bar No. 4962)
Garibian Law Offices, P.C.
1523 Concord Pike, Suite 400
Wilmington, DE  19803
(302) 722-6885 – o
ag@garibianlaw.com
*Attorney for Plaintiff, Enzolytics, Inc.*

**GARIBDECL B - 2**

# REPORT OF DAVID S. CONWAY, ESQ.

## Qualifications

I am David S. Conway, Esq. My curriculum vitae, setting forth my qualifications, is attached hereto as Exhibit A. I have been honored in recent years with listings in (i) The Best Lawyers in America® - Business Organizations (including LLC's and Partnerships) and Corporate Law and (ii) Delaware Today Top Lawyers - Corporate Law. I have not independently authored any publications in the previous 10 years, but have contributed to the United States law section of the International Lawyers Network publication Establishing a Business Entity: An International Guide (https://online.flippingbook.com/view/66463977/).

## Facts Considered

I have been provided with, reviewed and considered the documents listed in Exhibit B hereto.

## Subject Matter of Testimony

I will offer testimony regarding Delaware corporate law and Enzolytics, Inc.'s November 2020 restructuring pursuant to Section 251(g) of the General Corporation Law of the State of Delaware (the "DGCL"). I will testify generally regarding the mechanics of a merger permitted by Section 251(g) of the DGCL, pursuant to which an issuer becomes a wholly-owned subsidiary of a holding company.

## Summary of Facts and Conclusions

I, David S. Conway, Esq., have been provided with, reviewed and considered the documents listed in Exhibit B hereto (the "Reviewed Documents"). In rendering the conclusions stated herein, I have relied only upon examination of the Reviewed Documents, and have not reviewed any other documents including any that are referred to in or incorporated by reference into the Reviewed Documents. I have conducted no independent factual investigation of my own but rather have relied solely upon the Reviewed Documents, and the statements and information set forth therein, all of which I have assumed to be true, complete and accurate in all material respects.

The purpose of this report is to explain certain provisions of the DGCL as they relate to the Reviewed Documents.

Section 251 of DGCL sets forth a mechanism via which two domestic Delaware corporations can merge into a single corporation (with one of the two constituent corporations surviving and the other not surviving). Pursuant to Section 259 of the DGCL, when a merger becomes effective under Section 251, for all purposes of the laws of the State of Delaware the separate existence of the non-surviving corporation ceases, and the surviving corporation thereafter possesses all the rights, privileges, powers and franchises

of each of said corporations, and all rights of creditors and all liens upon any property of any of said constituent corporations are preserved unimpaired, and all debts, liabilities and duties of the respective constituent corporations thereafter attach to said surviving corporation, and may be enforced against it to the same extent as if said debts, liabilities and duties had been incurred or contracted by it.

In many cases, a merger under Section 251 of the DGCL must be approved by the boards of directors and the stockholders of both constituent corporations. Section 251(g) of the DGCL provides an exception to the normal voting requirements of Section 251 whereby, subject to certain conditions and unless expressly required by its certificate of incorporation, no vote of stockholders of a constituent corporation is necessary to authorize a merger with or into a single direct or indirect wholly-owned subsidiary of such constituent corporation.

Typically a corporation that is intending to effectuate a merger under Section 251(g) of the DGCL (e.g., "Oldco") will form a direct wholly-owned subsidiary (e.g., "Holdco") and thereafter that subsidiary will form its own direct wholly-owned subsidiary (e.g., "Newco"), with the result that Newco is an indirect wholly-owned subsidiary of Oldco. Oldco and Newco will then typically merge pursuant to Section 251(g). Upon the effectiveness of such a merger, pursuant to Section 259 of the DGCL all rights of creditors and all liens upon any property of either of the two merging corporations are preserved unimpaired, and all debts, liabilities and duties of the two merging corporations thereafter attach to the surviving corporation, and may be enforced against it to the same extent as if said debts, liabilities and duties had been incurred or contracted by it. Holdco is not one of the two merging corporations, and upon the effectiveness of the merger the surviving corporation in the merger becomes a direct wholly-owned subsidiary of Holdco. Because it is not one of the merging corporations, Holdco remains in existence but does not succeed to the debts, liabilities or duties of either of the two merging corporations.

The Reviewed Documents reflect that Enzolytics, Inc. ("Old Enzolytics") changed its name to "ENZC SUB, Inc." on November 17, 2020 and that, within minutes thereafter on November 17, 2020, it caused Enzolytics, Inc. ("Holding Company" or "ENZC") and Enzolytics Merger Corp. to be formed, with Enzolytics Merger Corp. being an indirect, wholly-owned subsidiary of ENZC SUB, Inc. As contemplated in Section 251(g) of the DGCL, a certificate of merger was then filed with the Secretary of State of the State of Delaware to merge Enzolytics Merger Corp. with and into ENZC SUB, Inc., with Enzolytics Merger Corp. ceasing to exist and with ENZC SUB, Inc. surviving as a direct wholly-owned subsidiary of Holding Company. The Reviewed Documents reflect that ENZC SUB, Inc. was subsequently renamed "Robustomed, Inc.".

I understand, but have not independently confirmed, that prior to the Section 251(g) transaction, Old Enzolytics was (or was alleged to be) the successor party to (i) a Debenture issued by Extreme Mobile Coatings Worldwide Corp. to Cimarron Capital Ltd. dated November 1, 2009 in the original principal amount of $100,000.00, (ii) a Debenture issued by Extreme Mobile Coatings Worldwide Corp. to Cimarron Capital Ltd. dated January 11, 2010 in the original principal amount of $50,000.00, and (iii) a 12% Convertible

Promissory Note of Eco-Petroleum Solutions, Inc. and Immunotech Laboratories, Inc. for the benefit of KONA Concepts Inc. dated March 9, 2017 in the original principal amount of $25,000.00, which are collectively the contracts at issue in these two consolidated actions (collectively, the "Subject Debts"). Pursuant to the Section 251(g) transaction, Old Enzolytics survived the merger (with Enzolytics Merger Corp.) as a direct wholly-owned subsidiary of ENZC.

As a result of the above-detailed Section 251(g) transaction, and in accordance with Section 259 of the DGCL, upon the effectiveness of the merger on November 19, 2020, any bona fide, valid and documented claims for monies owed by Old Enzolytics to creditors or claimants which existed prior to that date (including the Subject Debts) would be owed by Robustomed, Inc. (being the new name of the corporation that survived the merger). ENZC, which was not one of the merging corporations, does not succeed to the debts, liabilities or duties of either of the two merging corporations under Sections 251 or 259 of the DGCL.

Accordingly, it is my conclusion that, as result of the Section 251(g) transaction, Robustomed, Inc. (not ENZC) is the proper party to the Subject Debts as a matter of Delaware corporate law.

### Prior Testimony

I have not testified in any other cases as an expert at trial or by deposition in the previous 4 years.

### Compensation

I am being compensated at an hourly rate of $675.00.

_____
David S. Conway, Esq.

4

**GARIBDECL B - 5**

EXHIBIT B

Debenture issued by Extreme Mobile Coatings Worldwide Corp. to Cimarron Capital Ltd. dated November 1, 2009 in the original principal amount of $100,000.00.

Debenture issued by Extreme Mobile Coatings Worldwide Corp. to Cimarron Capital Ltd. dated January 11, 2010 in the original principal amount of $50,000.00.

12% Convertible Promissory Note of Eco-Petroleum Solutions, Inc. and Immunotech Laboratories, Inc. for the benefit of KONA Concepts Inc. dated March 9, 2017 in the original principal amount of $25,000.00.

Certificate of Amendment of the Certificate of Incorporation of Enzolytics, Inc. as filed with the Secretary of State of the State of Delaware at 1:20 p.m. on November 17, 2020 (reflecting a change in the name of the corporation from Enzolytics, Inc. to ENZC SUB, Inc.).

Certificate of Incorporation of Enzolytics, Inc. as filed with the Secretary of State of the State of Delaware at 1:22 p.m. on November 17, 2020.

Certificate of Incorporation of Enzolytics Merger Corp. as filed with the Secretary of State of the State of Delaware at 1:27 p.m. on November 17, 2020.

Certificate of Merger of Enzolytics, Inc., Enzolytics Merger Corp. and ENZC SUB, Inc. as filed with the Secretary of State of the State of Delaware on November 19, 2020.

Agreement and Plan of Merger by and among Enzolytics, Inc., ENZC SUB, Inc. and Enzolytics Merger Corp.

Enzolytics, Inc. Supplemental Report – Subsequent Events dated November 23, 2020.

Certificate of Amendment of Certificate of Incorporation of ENZC Sub, Inc. as filed with the Secretary of State of the State of Delaware on August 27, 2021 (reflecting a change in the name of the corporation from ENZC Sub, Inc. to Robustomed, Inc.).

# EXHIBIT A

GARIBDECL B - 7

# David S. Conway

Connolly Gallagher LLP
1201 North Market Street, 20th Floor
Wilmington, Delaware 19801
302-757-7315
dconway@connollygallagher.com

**Professional Experience**

Connolly Gallagher LLP, Wilmington DE; February 2016 to Present
Partner  --  Advise Delaware corporations, limited liability companies, statutory trusts, and general and limited partnerships on a wide variety of commercial and entity matters, including providing counsel to boards, special committees, officers and founders on fiduciary duties and governance issues, business  formations and choice of entity, domestic and international commercial contracts, disclosure issues, and stockholder and member relations and disputes. Negotiate and close mergers and acquisitions, joint ventures, private equity transactions, stock issuances, recapitalizations, financing transactions, and other transactions on behalf of clients.

Skadden, Arps, Slate, Meagher & Flom LLP, Wilmington, DE; May 2006 to January 2016
Associate Attorney in Mergers & Acquisitions Practice Group -- Serves as Senior Associate in Wilmington office of highly prestigious international firm, renowned for expertise in Mergers & Acquisitions. Held primary drafting and first/second-chair negotiating responsibility on mergers, acquisitions, joint ventures and other business combinations for private equity firms and domestic / multinational corporations, both public and private. Expertly advised boards of directors and management on fiduciary duties and corporate governance issues. Oversaw and mentored mid-level and junior associates on coordination and execution of diverse deals.

Access Group, Inc., Wilmington, DE; November 2001 to April 2006 (now known as AccessLex Institute)
Vice President / Corporate Counsel -- Originally joined firm specializing in administration of both federal and supplemental student loans for primarily graduate and professional students in role of organization's first internal Corporate Counsel.  Within less than one-year was elevated to member of executive management team with full accountability for legal, compliance, audit, and internal control activities. Advised Access Group's Board of Directors and all levels of staff on all relevant areas of law, including intellectual property, higher education and privacy laws, debt collection, credit reporting, advertising, and lending. Reviewed, drafted, and negotiated agreements for vendors, servicing agents, loan origination and disbursement, and financing. Drafted contracts and lending agreements with borrowers for private loan programs. Created and executed comprehensive compliance, audit and safeguard programs. Hired, managed, and developed high performing team of 10 legal, audit, and compliance professionals.

Morgan, Lewis & Bockius, Philadelphia, PA; October 1999 to November 2001
Associate Attorney in Business & Finance Department -- Advised early stage corporate clients of leading international firm on legal matters relating to financing transactions, employment and consulting agreements, promissory notes, and stock purchase agreements.   Managed projects from inception through completion.

Richards, Layton & Finger, Wilmington, DE; September 1996 to September 1999
Associate Attorney in Corporate Transactions Department -- Entered legal field as Associate in key business unit of Delaware's largest law firm. Scope of responsibilities included reviewing merger agreements, ensuring compliance with Delaware General Corporate Law and formulating certificates of incorporation, corporate bylaws, and certificates of designation. Drafted opinions on fiduciary duties, necessity of stockholder voting, enforceability of contracts, and issuance of common and preferred stock.

IBM Corporation, Charlotte, NC; July 1991 to August 1993
Financial Analyst in Product Cost Accounting Department -- Site Inventory Coordinator responsible for scheduling, analyzing and reconciling plant physical inventory, including detailed ledger analysis of variances, interfacing with

management and educating employees.   Accounting Analyst in General Accounting Department -- Responsibilities included accounting for site cafeteria contract and site tax form completion.

**Education And Credentials**

Juris Doctor (1996)
Cornell Law School - Ithaca, NY
Cum Laude ~ Member of Law Review
American Jurisprudence Award in Constitutional Law

Bachelor of Science in Commerce with Distinction (1991)
University Of Virginia - Charlottesville, VA

# EXHIBIT B

GARIBDECL B - 10

EXHIBIT B

Debenture issued by Extreme Mobile Coatings Worldwide Corp. to Cimarron Capital Ltd. dated November 1, 2009 in the original principal amount of $100,000.00.

Debenture issued by Extreme Mobile Coatings Worldwide Corp. to Cimarron Capital Ltd. dated January 11, 2010 in the original principal amount of $50,000.00.

12% Convertible Promissory Note of Eco-Petroleum Solutions, Inc. and Immunotech Laboratories, Inc. for the benefit of KONA Concepts Inc. dated March 9, 2017 in the original principal amount of $25,000.00.

Certificate of Amendment of the Certificate of Incorporation of Enzolytics, Inc. as filed with the Secretary of State of the State of Delaware at 1:20 p.m. on November 17, 2020 (reflecting a change in the name of the corporation from Enzolytics, Inc. to ENZC SUB, Inc.).

Certificate of Incorporation of Enzolytics, Inc. as filed with the Secretary of State of the State of Delaware at 1:22 p.m. on November 17, 2020.

Certificate of Incorporation of Enzolytics Merger Corp. as filed with the Secretary of State of the State of Delaware at 1:27 p.m. on November 17, 2020.

Certificate of Merger of Enzolytics, Inc., Enzolytics Merger Corp. and ENZC SUB, Inc. as filed with the Secretary of State of the State of Delaware on November 19, 2020.

Agreement and Plan of Merger by and among Enzolytics, Inc., ENZC SUB, Inc. and Enzolytics Merger Corp.

Enzolytics, Inc. Supplemental Report – Subsequent Events dated November 23, 2020.

Certificate of Amendment of Certificate of Incorporation of ENZC Sub, Inc. as filed with the Secretary of State of the State of Delaware on August 27, 2021 (reflecting a change in the name of the corporation from ENZC Sub, Inc. to Robustomed, Inc.).